(54 Misc. Rep. 37.)

## F. W. DODGE CO. v. ALBERS.

(City Court of New York, Special Term. January, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—RESIGNATION OF JUDGE—JURISDICTION OF SUCCESSOR.

　　Code Civ. Proc. § 26, provides that in the city of New York a special proceeding instituted before a judge of a court of record may be continued before another judge of the same court as if instituted before him. Sections 52 and 53 provide that, on resignation of the judge before whom a special proceeding has been instituted, it may be continued before his successor as if it had been originally instituted before him. Section 2462 provides that sections 26 and 52 apply to a special proceeding. A judge of the City Court of New York, who granted an order directing a judgment debtor in proceedings supplementary to execution to appear before him at a Special Term held at a certain place on a certain day, resigned. *Held*, that the court did not thereby lose jurisdiction, and the judgment debtor must attend before the successor to the justice who signed the order, sitting at the time and place designated in the order.

Action by the F. W. Dodge Company against Henry F. Albers. Motion to vacate an order directing the examination of a judgment debtor in proceeding supplementary to execution. Motion denied.

John P. Herren, for plaintiff.
George B. Hayes, for defendant.

WADHAMS, J. Motion is made to vacate an order heretofore granted in this court by Mr. Justice Seabury, directing the examination of a judgment debtor in proceedings supplementary to execution. It is contended that the order is defective, in that it directs "the judgment debtor to attend before me, a justice of the City Court of the City of New York."

The order continues:

"At a Special Term thereof, held at the chambers in the Brownstone Building, No. 32 Chambers street, in the city of New York, borough of Manhattan, on the 25th day of January, 1907, at 10 o'clock in the forenoon, and on such further days as the court shall name to be examined concerning his property."

Mr. Justice Seabury had resigned and was not a justice of the City Court of the City of New York upon the return day of the order. The contention is that the court has lost jurisdiction by reason of the resignation, inasmuch as the order directed attendance before the justice who had resigned.

In my opinion the provisions of the Code of Civil Procedure clearly continue the jurisdiction of the court upon such event, and the order is sufficient to require the judgment debtor to attend before another justice of the same court (in this instance the successor to the justice who signed the order), sitting at the same term of the court and at the time and place designated in the order. Code Civil Proc., §§ 26, 52, 53, 2462. In Gamman v. Berry, 34 Hun, 138, it was held, Mr. Justice

Haight writing for the General Term, that an order in proceedings supplementary to execution, made by a county judge whose term of office expired after the making of the order and before the return day, and returnable before him, was valid.

The motion is denied, with $10 costs, and the judgment debtor will be directed to ·attend for examination as may be designated in the order herein. Settle order on notice.